UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASMINE L BROWN,

Plaintiff,

-v.-

1199 SEIU BENEFIT AND PENSION FUNDS and NEW YORK PRESBYTERIAN LAWRENCE HOSPITAL,

Defendants.

25 Civ. 10545 (KPF)

**ORDER DENYING REQUEST FOR PRO BONO COUNSEL**

KATHERINE POLK FAILLA, District Judge:

Plaintiff has filed an Application for the Court to Request Counsel. For the following reasons, Plaintiff's application is denied without prejudice for potential renewal after Defendants' motion to dismiss is resolved.

**LEGAL STANDARD**

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge* v. *Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.*

Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard* v. *U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–

10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper* v. *A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp.* v. *Horowitz,* 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" — "a requirement that must be taken seriously." *Hodge*, 802 F.2d at 60–61.

If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61-62; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has

survived a dispositive motion. *See Hendricks* v. *Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

**DISCUSSION**

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (*See* Dkt. #2, 4). When Plaintiff filed her Application for the Court to Request Counsel, Plaintiff affirmed that her financial status had not changed. (*See* Dkt. #15). Plaintiff therefore qualifies as indigent.

In the complaint, Plaintiff alleges that her former employer, Defendants New York Presbyterian Lawrence Hospital ("Lawrence Hospital"), and her union's pension fund, 11995 SEIU Benefit and Pension Funds ("1199SEIU"), discriminated against her based on disability, race, and color by denying her long-term disability payments under the pension plan. (Dkt. #1). She explicitly asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634. (*Id.*). Her complaint can also be interpreted as asserting claims under the Americans with Disabilities Act of 1990, the Employee Retirement Income Security Act of 1974, and the New York State and City Human Rights Laws. At this stage, however, the Court does not find that Plaintiff's claim is "likely to be of substance." *Hodge*, 802 F.2d at 61. Despite supplementing her complaint with factual representations during the August 11, 2026 pre-motion conference (*see* Dkt. #26 at 1), Plaintiff does not dispute that her employment with Lawrence Hospital ended in 2018 — well

past the relevant statute of limitations in this case. Plaintiff also does not dispute that Lawrence Hospital did not participate in or contribute to 1199SEIU's long-term disability pension plan during her employment (*see* Dkt. #1). Both facts appear fatal to Plaintiff's claims against Defendants.

The Court similarly finds that the other *Hodge* factors weigh against granting Plaintiff's application. Here, "the crucial facts" in Plaintiff's case are well within her reach. Plaintiff has already attested to the dates of employment at Lawrence Hospital and the details of 1199SEIU's plan coverage. Further, Plaintiff has demonstrated the ability to present her case by filing her complaint and supplementing her pleadings through oral representations at the August 11, 2026 conference. (*See* Dkt. #26 at 1). Though an attorney would aid Plaintiff in streamlining this litigation, courts should grant applications to request pro bono counsel sparingly to preserve the "precious commodity" of volunteer lawyer time for those litigants whose causes are truly deserving. *Cooper*, 877 F.2d at 172-73. The Court does not see a "special reason in th[is] case why appointment of counsel would be more likely to lead to a just determination," *Hodge*, 802 F.2d at 62, and does not believe it appropriate to tap such a finite resource here, *see Cooper*, 877 F.2d at 172. In this case, representation would not "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is denied without prejudice for potential renewal after Defendants' motion to dismiss is resolved.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the pending motion at docket entry 15. Further, the Clerk of Court is directed to mail a copy of this order to Ms. Brown at her address of record: Jasmine L Brown, 722 Saint Owen St., Apt. 2, Bronx, New York 10470.

SO ORDERED.

Dated: September 1, 2026
New York, New York

Katherine Polk Failla

KATHERINE POLK FAILLA
United States District Judge